UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DANIELLA BLAINE, Administratrix                                          PLAINTIFF
of the Estate of KENNETH H. CROSS, II,
Deceased

v.                                                  CIVIL ACTION NO. 3:13-CV-00427-CRS

LOUISVILLE METRO GOVERNMENT, ET AL.                                     DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court on a motion to dismiss filed by Defendants Louisville Metro Government, Louisville Metro Corrections Jail Director Mark Bolton, and Louisville Metro Police Department Chief Steve Conrad (collectively "Defendants") against Plaintiff Daniella Blaine, Administratrix of the Estate of Kenneth H. Cross, II, Deceased ("Plaintiff"). For the reasons set forth below, the Court will grant the motion to dismiss.

## BACKGROUND

For the purposes of this opinion, the following facts are taken as true. On August 25, 2012, Officers Tinnell and McNamara of the Louisville Metro Police Department arrested Kenneth Cross ("Cross") pursuant to an outstanding warrant. At the time of his arrest, "Cross was exhibiting obvious symptoms of a drug overdose and was being taken by a friend to the Emergency Room of University of Louisville Hospital for assessment and treatment." (Complaint, DN 1, at ¶ 12). However, Officers Tinnell and McNamara did not agree that Cross required immediate medical attention and instead told him that he would receive any necessary treatment at the jail.

When he arrived at the jail, Cross was evaluated by Nurse Kohl, who ultimately determined that Cross was under the influence of Xanax and Loritab. According to Kohl, Cross "was stumbling when he walked, had slurred speech, rambled in conversation and appeared easily confused…, and was nodding off during his interview." (Complaint, DN 1, at ¶ 13). In accordance with jail policy, Kohl ordered that Cross be placed on a detoxification protocol and kept under observation. Later that evening, at approximately 8:47 P.M., Cross was found deceased from a drug overdose in his holding cell.

On April 24, 2013, Plaintiff filed the present wrongful death action against Defendants, alleging violations of 42 U.S.C. § 1983 as well as a state-law medical negligence claim. (DN 1). On May 28, 2013, Defendants filed a motion to dismiss for failure to state a claim. (DN 6). Having considered the parties' briefs and being otherwise sufficiently advised, the Court will now address the motion to dismiss.

## STANDARD

When evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although the complaint need not contain "detailed factual allegations," "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted).

**DISCUSSION**

Defendants argue that dismissal is appropriate because Plaintiff has failed to plead sufficient facts to state a plausible claim for relief. In evaluating this argument, the Court will address each Defendant in turn.

**i. Defendant Louisville Metro Government**

According to Defendants, Plaintiff's Complaint fails to state a claim against Defendant Louisville Metro Government because: 1) the municipality enjoys sovereign immunity from Plaintiff's state-law medical negligence claim; and 2) Plaintiff has failed to identify the municipal policy or custom which allegedly caused Cross' death. While conceding that dismissal of her state-law negligence claim is appropriate, Plaintiff maintains that the municipality may be held liable under 42 U.S.C. § 1983 for executing a policy, custom, or practice which resulted in a constitutional violation. *See* (Response to Def.'s Mot. to Dismiss, DN 12, at 1). Alternatively, Plaintiff argues that Defendants' Motion to Dismiss is premature because they "ha[ve] been afforded no opportunity to discover the policies, customs, and practices… that may have caused… Cross' death." *See* (Response to Def.'s Mot. to Dismiss, DN 12, at 2).

We begin by addressing Plaintiff's argument that Defendants' Motion to Dismiss is premature, which the Court construes as a request for additional discovery. Unlike motions for summary judgment, "[m]otions to dismiss are based on allegations contained in the relevant pleadings as opposed to facts developed in discovery." *Moore v. Brewer*, No. 6:07-290-DCR, 2007 WL 2990542 (E.D. Ky. Oct. 10, 2007). Accordingly, the Court will deny Plaintiff's request for additional discovery and look solely to the allegations in Plaintiff's Complaint in ruling on Defendants' Motion to Dismiss.

Although municipalities are "persons" subject to suit under 42 U.S.C. § 1983, they are only liable if the "execution of a government policy or custom… inflicts the injury…" complained of by the plaintiff. *See Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694 (1978). In *Coogan v. City of Wixom*, 820 F.2d 170 (6th Cir. 1987), the Sixth Ciruit held that the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Id.* at 176. Thus, in order to survive dismissal, Plaintiff's Complaint must: 1) clearly identify the policy which allegedly caused Cross' death; 2) demonstrate that Defendant Louisville Metro Government was responsible for the existence of the policy; and 3) establish a causal connection between the policy and Cross' death.

In her Complaint, Plaintiff clearly states that Defendant Louisville Metro Government was responsible for the policies, customs, and practices which ultimately caused Cross' death, but fails to specifically identify the relevant policy, custom, or practice. Indeed, the only discussion related to policies, customs, and practices appears in Paragraph 19 of Plaintiff's Complaint, wherein she states that:

> Cross' treatment by Defendants was the result of customs and practices of Defendants that were contrary to or expressly violated written policies of the LMPD… and that such customs and practices were the 'moving force' behind… Cross' death. Such practices constitute an arbitrary use of government power, and evince a total, intentional, deliberate and unreasonable disregard for and indifference to the lives and constitutional and common law rights of inmates at the Jail, including… Cross, and the wholesale violations of those rights likely to result from the regular and systematic pursuit of such practices.

(Complaint, DN 1, at ¶ 19).

Having failed to identify the policy, custom, or practice which she claims caused Cross' death, Plaintiff cannot succeed on her § 1983 claims against Defendant Louisville Metro Government as a matter of law. Accordingly, the Court will grant Defendants'

Motion to Dismiss Plaintiff's § 1983 claims against Defendant Louisville Metro Government.

**ii. Defendants Conrad and Bolton**

According to Defendants, Plaintiff's Complaint fails to state a claim against Defendants Conrad and Bolton because: 1) she never asserts that Defendants Conrad and Bolton had direct knowledge of Cross's confinement in jail, thus obviating her claim that they were deliberately indifferent to his medical needs; and 2) Defendants Conrad and Bolton cannot be held individually liable under § 1983 for either their failure to adequately train jail employees or their failure to exercise adequate supervisory authority. While conceding that Defendants Conrad and Bolton cannot be held liable based on a theory of *respondeat superior*, Plaintiff maintains that they can nevertheless be held individually liable under § 1983 so long as they implicitly authorized, approved, or knowingly acquiesced in the alleged maltreatment of Cross which resulted in his death. Alternatively, Plaintiff argues that Defendants' Motion to Dismiss is premature because she "has not yet been afforded any opportunity to determine whether Defendants Conrad and Bolton had direct contacts with… Cross." (Resp. to Def.'s Mot. to Dismiss, DN 12, and 2).

For reasons discussed above, the Court concludes that Defendants' motion is not premature and will look solely to the allegations in Plaintiff's Complaint in ruling on Defendants' Motion to Dismiss. As a practical matter, this disposes of Plaintiff's deliberate indifference claim because, as Plaintiff concedes, she has not alleged that Defendants Conrad and Bolton had direct knowledge of either Cross' confinement or his medical condition. Therefore, to the extent "[k]nowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs is essential to a finding of deliberate indifference," *Horn*

5

*by Parks v. Madison Cnty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994) (citing *Danese v. Asman*, 875 F.2d 1239, 1243–44 (6th Cir. 1989), *cert. denied* 494 U.S. 1027 (1990)), Plaintiff has failed to state a deliberate indifference claim under § 1983.

We are now left only with Plaintiff's failure-to-train and failure-to-supervise claims. In *Harvey v. Campbell Cnty., Tenn.*, 453 Fed. App'x 557 (6th Cir. 2011), the Sixth Circuit held that government officials may be held individually liable under § 1983 only if they "either encouraged the specific incident of misconduct or in some other way directly participated in it." *Id.* at 563. Thus, the court required that the "plaintiffs… show that [the individual defendants] 'at least implicitly authorized, approved, or knowingly acquiesced in'" the alleged constitutional violation. *Id.* (quoting *Phillips v. Roane County, Tenn.*, 534 F.3d 531, 543 (6th Cir. 2008)). Given that direct involvement is a prerequisite of individual § 1983 liability, the court stated that "[t]he attempt to hold [the defendants] liable in their individual capacities for their alleged failure to adequately train employees 'improperly conflates a § 1983 claim of individual supervisory liability with one of municipal liability.'" *Id.* (quoting *Phillips*, 534 F.3d at 543). Because the defendants thus "would be liable, if at all, in [their] *official* capacity," *id.* (citing *Scott v. Clay County, Tenn.*, 205 F.3d 867, 879 n. 21 (6th Cir. 2000)), the court concluded that they had failed to state a claim against them individually under § 1983.

Like the plaintiffs in *Harvey*, Plaintiff has improperly conflated her failure-to-train and failure-to-supervise claims against Defendants Conrad and Bolton with a claim against the municipality itself. Because personal involvement is a necessary prerequisite to individual liability under § 1983, and because Plaintiff has failed to allege that Defendants Conrad and Bolton were in any way personally involved in the acts or omissions ultimately leading to Cross's death, Plaintiff has failed to state a claim against

them under § 1983. Accordingly, the Court will grant Defendants' Motion to Dismiss Plaintiff's § 1983 claims against Defendants Conrad and Bolton.[1]

      A separate order will be entered in accordance with this opinion.

---

[1] Where a defendant has been sued in his official capacity, a failure-to-train or failure-to-supervise claim brought against him individually may be deemed to have been brought against the municipality. *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 fn. 3 (6th Cir. 2005). However, because Defendants Conrad and Bolton were sued exclusively in their individual capacity, the Court will not construe Plaintiff's failure-to-train and failure-to-supervise claims as having been brought against Defendant Louisville Metro Government.