UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DANIELLA BLAINE, Administratrix of the
Estate of Kenneth H. Cross, II,                                    Plaintiff,

v.                                                                 Civil Action No. 3:13-cv-427-DJH-DW

LOUISVILLE METRO GOVERNMENT,
et al.,                                                            Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Daniella Blaine has objected to Magistrate Judge Dave Whalin's denial of her motion to compel discovery responses by Defendants Mark Bolton and Steve Conrad. (Docket No. 50; *see* D.N. 43) Bolton and Conrad maintain that they are no longer parties to this case and thus have no obligation to respond to Blaine's discovery requests. (*See* D.N. 44, 62) Because the Court concludes that a state-law negligence claim remains pending against Bolton and Conrad, Blaine's objections will be sustained.

**I.    BACKGROUND**

This lawsuit arises out of the drug-overdose death of Kenneth H. Cross, II, while he was in the custody of the Louisville Metro Police Department (LMPD). Blaine, as Administratrix of Cross's estate, sued Louisville Metro Government, LMPD Chief Conrad, Jail Director Mark Bolton, two LMPD officers, three jail nurses, and Corizon, Inc., which provided medical services at the jail. (D.N. 1, PageID # 3-4) Blaine asserted claims under 42 U.S.C. § 1983, as well as a wrongful death claim and the negligence claim at issue here. The latter, set out in Count II of the complaint, states simply, "By virtue of the foregoing, Defendants were negligent and grossly negligent, and the medical professionals responsible for Mr. Cross failed to satisfy the applicable

1

standard of care." (*Id.*, PageID # 8 ¶ 21) The preceding paragraph likewise begins "As a result of the foregoing" and asserts a claim under § 1983. (*Id.*, PageID # 7 ¶ 20) The prior paragraph states:

> Plaintiff believes and, after reasonable discovery, will show that Mr. Cross'[s] treatment by Defendants was the result of customs and practices of Defendants that were contrary to or expressly violated written policies of the LMPD, Corizon and/or the Jail, and that such customs and practices were the "moving force" behind Mr. Cross'[s] death. Such practices constitute an arbitrary use of government power, and evince a total, intentional, deliberate and unreasonable disregard for and indifference to the lives and constitutional and common law rights of inmates at the Jail, including Mr. Cross, and the wholesale violations of those rights likely to result from the regular and systematic pursuit of such practices.

(*Id.* ¶ 19)

Louisville Metro Government, Mark Bolton, and Steve Conrad (the "Metro defendants") answered the complaint on May 28, 2013, denying the allegations of paragraph 21. (D.N. 7; *see id.*, PageID # 70) They filed a motion to dismiss for failure to state a claim the same day. (D.N. 6) In their motion, the Metro defendants characterized Count II of Blaine's complaint as "a medical malpractice claim [that] does not apply to" any of them. (D.N. 6-1, PageID # 59) Accordingly, they did not argue for its dismissal.

Blaine did not address Count II in her response to the motion to dismiss except to concede that Louisville Metro was entitled to sovereign immunity on her state-law claims. (D.N. 12, PageID # 87, 89) Blaine also conceded that any claims of *respondeat superior* against Bolton and Conrad should be dismissed; however, she pointed out that her complaint did not assert any such claims. (*Id.*, PageID # 87 n.1; *see id.*, PageID # 89)

By Order entered January 29, 2014, Judge Simpson granted the Metro defendants' motion to dismiss. (D.N. 17) The accompanying Memorandum Opinion, like the motion to dismiss, described Count II as "a state-law medical negligence claim." (*Id.*, PageID # 107) In

2

his analysis of the claims against Louisville Metro, Judge Simpson noted Blaine's concession "that dismissal of her state-law negligence claim [was] appropriate." (*Id.*, PageID # 108)  As to Bolton and Conrad, the opinion addressed only Blaine's claims under § 1983, concluding: "[T]he Court will grant Defendants' Motion to Dismiss Plaintiff's § 1983 claims against Defendants Conrad and Bolton." (*See id.*, PageID # 110-12)

Following entry of the January 29, 2014 Memorandum Opinion and Order, the parties proceeded as though all claims against Conrad and Bolton had been dismissed.  Approximately eight months later, Blaine's attorney notified counsel for the defendants that he believed a state-law negligence claim against Conrad and Bolton remained pending.[1]  (*See* D.N. 50, PageID # 231-32; D.N. 50-1)  Blaine then served discovery requests on Conrad and Bolton.  (*See* D.N. 50-2, 50-3)  When Conrad and Bolton failed to respond to those requests, Blaine filed a motion to compel.  (D.N. 43)  Magistrate Judge Whalin denied the motion, concluding that Conrad and Bolton had been dismissed from the case pursuant to the Court's January 29, 2014 Order and thus were not obligated to respond to Blaine's discovery requests.  (D.N. 49)  Blaine timely objected to Judge Whalin's ruling.[2]  (D.N. 50)

The Court held a status conference on January 5, 2016, to discuss the posture of the case. (*See* D.N. 60)  During the conference, Blaine's counsel acknowledged that only her claim against Bolton remains viable in light of the dismissal of Defendants Tinnell and McNamara.[3]  (*Id.*,

---

[1] According to Blaine, this revelation occurred following her "re-examination of" the Metro defendants' motion to dismiss and the Court's January 29, 2014 Memorandum Opinion and Order. (D.N. 50, PageID # 232)

[2] The docket reflects that Blaine's motion to compel was denied on January 23, 2015, and her objection was filed two days later. (*See* D.N. 49, 50)  Thus, Conrad and Bolton's assertion that Blaine "did not challenge [Judge Whalin's] ruling pursuant to FRCP 72(a) within the requisite fourteen day period" is plainly incorrect. (D.N. 62, PageID # 378)

[3] Because the Court concludes that Conrad was never dismissed from the case, Blaine must file a motion to voluntarily dismiss the claim against him.

3

PageID # 374; *see* D.N. 59) In an amended scheduling order entered February 10, 2016, Bolton and Conrad were directed to supplement their response to the motion to compel. (D.N. 61, PageID # 375) Although their supplemental response (D.N. 62) was perfunctory at best, the issue is now fully briefed and stands submitted for decision.

II. ANALYSIS

Blaine objected pursuant to Federal Rule of Civil Procedure 72(a), which provides that the Court must "modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Clear error exists "when the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Max Trucking, LLC v. Liberty Mut. Ins. Corp.*, 802 F.3d 793, 810 (6th Cir. 2015) (citing *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)). According to Blaine, Judge Whalin clearly erred in concluding that her complaint asserted no negligence claim against Bolton and Conrad and that all claims against them had been dismissed. (D.N. 50, PageID # 235-37) The Court agrees.

Count II of the complaint asserts a negligence claim against all defendants in addition to a medical negligence claim. The single sentence in paragraph 21 contains two separate assertions: (1) that "Defendants were negligent and grossly negligent," and (2) that "the medical professionals responsible for Mr. Cross failed to satisfy the applicable standard of care." (D.N. 1, PageID # 8) With regard to the introductory clause, "By virtue of the foregoing" can be read as referring either to paragraph 19 (to which paragraph 20, with its similar introduction, also appears to refer) or "all of the preceding allegations of the complaint," as Blaine maintains. (D.N. 50, PageID # 233) Under either reading, the negligence claim applies to Bolton and Conrad, who are alleged to have been "responsible for the employment, training, supervision and

conduct of" jail employees and medical professionals (Bolton) and LMPD officers and employees (Conrad). (D.N. 1, PageID # 4 ¶¶ 5, 9) And under any reading, Conrad and Bolton are included in paragraph 21's reference to "Defendants." (*Id.*, PageID # 8) Thus, insofar as the magistrate judge concluded that Blaine's complaint did not contain a negligence claim against Bolton and Conrad, the Court "is left with the definite and firm conviction that a mistake has been committed." *Max Trucking*, 802 F.3d at 810.

Having found that Blaine asserted a state-law negligence claim against Bolton and Conrad, the Court has little difficulty concluding that the claim is still pending. The defendants, presumably due to their mistaken belief that Count II did not apply to them, never sought its dismissal, and Judge Simpson never dismissed it.[4] (*See* D.N. 6-1, PageID # 59; D.N. 17)

With the claim still pending, then, the question becomes what should be done with it. Bolton and Conrad argue that the claim should be deemed dismissed because Blaine ought to have raised the issue sooner. (*See* D.N. 44, 62) They cite no legal basis or authority for this position, however.

In the Court's view, the most analogous situation is failure to prosecute—the defendants essentially argue that Blaine abandoned her state-law negligence claim (to the extent one ever existed) and should not be permitted to pursue it after an eight-month delay. (*See* D.N. 62 (arguing that Blaine "has repeatedly failed to timely contest the dismissal of Defendants Bolton and Conrad" and therefore "must be precluded from challenging their termination from suit")) In the Sixth Circuit, however, a plaintiff's claim may be dismissed for failure to prosecute "only in extreme situations showing a clear record of contumacious conduct by the plaintiff." *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (quoting *Tung-Hsiung Wu v. T.W.*

---

[4] The Court notes that had Blaine simply corrected the defendants' mischaracterization of Count II in her response to the motion to dismiss, the current confusion likely would have been averted.

5

*Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)). "Contumacious conduct" is "behavior that is 'perverse in resisting authority and stubbornly disobedient.'" *Id.* at 704-05 (quoting *Wu*, 420 F.3d at 643). The record reflects no such behavior by Blaine or her counsel in this case; rather, the defendants merely argue that Blaine was slow to seek relief. This is not enough to warrant dismissal of her claims. *See id.* at 705 (explaining that under Sixth Circuit precedent, "mere dilatory conduct involving a failure to file a specified document" does not rise to the level of contumacious conduct (quoting *Cotson v. Detroit Edison Co.*, 789 F.2d 377, 379 (6th Cir. 1986)).

Nor would dismissal be warranted under the doctrine of laches, "the 'negligent and unintentional failure to protect one's rights." *Nartron Corp. v. STMicroelectronics, Inc.*, 305 F.3d 397, 408 (quoting *Elvis Presley Enter., Inc. v. Elvisly Yours, Inc.*, 936 F.2d 889, 894 (6th Cir. 1991)). For laches to apply, the defendants must show that they suffered prejudice as a result of Blaine's lack of diligence in pursuing her claims. *See id.* (citing *Induct-O-Matic Corp. v. Inductotherm Corp.*, 747 F.2d 358, 367 (6th Cir. 1984)). Conrad and Bolton do not purport to have been prejudiced by the delay, however. (*See* D.N. 44, 62) In the absence of any legal or equitable basis for dismissing Blaine's negligence claim, the Court concludes that dismissal of the claim would be inappropriate.

### III. CONCLUSION

While the Court questions whether a motion to compel was the most efficacious means of raising the issue, it agrees that Blaine's negligence claims against Bolton and Conrad were never dismissed and that the magistrate judge's finding to the contrary was clearly erroneous. Moreover, the Court finds no reason to dismiss the claims at this juncture. Accordingly, it is hereby

**ORDERED** as follows:

(1)     The Clerk of the Court is **DIRECTED** to reinstate Mark Bolton and Steve Conrad as defendants in the record of this matter.

(2)     Plaintiff's Objections to Order of Magistrate Judge Denying Her Motion to Compel (D.N. 50) are **SUSTAINED**.

(3)     Defendants Bolton and Conrad shall respond to Blaine's discovery requests within **thirty (30) days** of the date of entry of this Memorandum Opinion and Order.

(4)     Consistent with the position taken at the recent status conference, within **fourteen (14) days** of the date of entry of this Memorandum Opinion and Order, Blaine shall file a motion to voluntarily dismiss her claim against Defendant Conrad.

April 19, 2016

**David J. Hale, Judge**
**United States District Court**