UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

*Electronically Filed*

| | |
|---|---|
| DANIELLA BLAINE, Adminstratrix of the estate of KENNETH H. CROSS, II, Deceased, <br><br> Plaintiff <br><br> v. <br><br> CORIZON, INC., ET AL., <br><br> Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) )  Case No. 3:13-CV-427 |

### DEFENDANTS CORIZON, INC., STEPHANIE KOHL AND T. J. SLOAN'S RULE 26 EXPERT WITNESS DISCLOSURE

\* \* \* \* \* \* \* \*

Come the Defendants, Corizon, Inc., Stephanie Kohl and T. J. Sloan, by counsel, and for their Rule 26 expert disclosure hereby state as follows:

1. **Benjamin Hatten, M.D., MPH**
   **Toxicology**
   **2555 S Downing St., Suite 260**
   **Denver, CO 80210**

   *CV and Rule 26 report are attached*

   a. The subject matter upon which the expert is expected to testify.

      1. Interpretation of laboratory studies, toxicology reports, and autopsy findings, in general, and specifically pertaining to Kenneth Cross;

      2. Signs, symptoms, and treatment of individuals in withdrawal;

      3. Contributing factors leading up to and causing the death of Kenneth Cross;

      4. The specific treatment of Kenneth Cross during his period of incarceration at the Louisville Metro Department of Corrections and

his subsequent care at the University of Louisville Hospital; and

5. The opinions of other experts that have been disclosed in this action.

b. Substance of the facts and opinions as to which the expert witness is expected to testify.

1. That the care and treatment provided to Kenneth Cross by the staff of Corizon, Inc. was reasonable and appropriate under the circumstances and given his clinical presentation;

2. That Mr. Cross died of acute intoxication that was both unforseeable based upon the medical records and the autopsy report;

3. That no act or omission of Corizon, Inc. personnel, including but not limited to Stephanie Kohl and T.J. Sloan, was a substantial factor in the death of Kenneth Cross; and

c. Give a summary of the grounds for each such opinion.

The above opinions will be based upon:

1. Dr. Hatten's education, training, and experience;

2. Dr. Hatten's assessment, management and treatment of similar conditions;

3. Dr. Hatten's review of Kenneth Cross' medical records, selected other records that have been produced in this case, and depositions taken in this case; and

4. Dr. Hatten's understanding of the relevant medical literature.

2. **Lori E. Roscoe, PhD, MSN, ANP-C, CCHP-RN**
   **3990 Bullard Road**
   **Monticello, GA 31064**

   *CV and Rule 26 report are attached*

   a. The subject matter on which the expert is expected to testify.

   1. Principles of general medicine and nursing care as applied in the context of correctional facilities;

2

    2.    Methodologies and techniques for providing nursing care to inmates housed in correctional facilities;

    3.    The specific treatment of Kenneth Cross during his period of incarceration at the Louisville Metro Department of Corrections;

    4.    The opinions of other experts that have been disclosed in this action.

b.    Substance of the facts and opinions as to which the expert witness is expected to testify.

    1.    That Corizon, by and through its employees, including but not limited to Stephanie Kohl and T.J. Sloan, exercised reasonable care and skill in the evaluation and treatment of Kenneth Cross during his period of incarceration at the Louisville Metro Department of Corrections;

    2.    That the Corizon employees and personnel that were involved in the care and treatment of Kenneth Cross, including but not limited to Stephanie Kohl and T.J. Sloan, were appropriately trained, qualified and credentialed to provide the care and treatment to Kenneth Cross which is at issue in this case;

    3.    That Kenneth Cross was reasonably monitored, observed and treated by Corizon personnel, including but not limited to Stephanie Kohl and T.J. Sloan at all times, and that the standard of care applicable to a reasonable correctional facility healthcare provider under the circumstances in this case did not require the involvement of any physician in the care of Kenneth Cross;

    4.    That the standard of care applicable to Corizon and its personnel under the circumstances of Kenneth Cross' case did not require, at any point, that Mr. Cross be earlier transferred to a hospital facility;

    5.    That the death of Kenneth Cross was not the result of any act or omission constituting a deviation from the applicable standard of care on the part of any Corizon personnel.

c.    Give a summary of the grounds for each such opinion.

The above opinions will be based upon:

    1.    The training and experience of the expert;

    2.    The expert's assessment, management and treatment of similar conditions;

3. The expert's review of plaintiff's medical records and the depositions taken in this case; and

4. The expert's understanding of the relevant medical literature.

Respectfully submitted,

PHILLIPS PARKER ORBERSON & ARNETT P.L.C.

/s/ Sean Ragland
Sean Ragland
Matthew Piekarski
716 West Main Street, Suite 300
Louisville, Kentucky 40202
(502) 583-9900
*Counsel for Defendants Corizon, Inc., Stehanie Kohl and T. J. Sloan*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on the 2nd day of September, 2016, which will send a notice of electronic filing to all counsel of record.

/s/ Sean Ragland
Sean Ragland