UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
NO. 3:13-CV-00427-S


DANIELLA BLAINE, Administratrix
ESTATE OF KENNETH H.CROSS, II                                    PLAINTIFF

v.    MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
                        (electronically filed)

MARK E. BOLTON, *et al*                                          DEFENDANTS


** ** ** **

## STATEMENT OF THE CASE

On Saturday August 25, 2012, Mr. Cross took a lethal amount of drugs and died.  He died in jail.  He took the drugs that killed him before he was arrested and taken to jail. DN 1, p. 6; ¶14

Approximately four hours before he died of a drug overdose, around 5 p.m., Louisville Metro Police Department (LMPD) Officers Tinnell and McNamara arrested Cross on an outstanding warrant and took Cross to Louisville Metro Department of Corrections (LMDC).

By the time the LMPD officers delivered Cross to the jail on August 25, Cross's "obvious symptoms of overdose had only increased." Nurse Kohl, a licensed practical nurse, evaluated Cross who determined that Cross "appeared to be under the influence, took Xanax for anxiety and Lortab for pain, was stumbling when he walked, had slurred speech, rambled in conversation and appeared easily confused, was not forthcoming with information, and was nodding off during his interview. She ordered that he be placed on a detoxification protocol and kept under observation." DN 1, p. 6; ¶13.

Defendant Bolton, Director of the Louisville Metro Department of Corrections  is named because, at times mentioned in the complaint, he established policies and was responsible for the employment, training, supervision and conduct of the officers and employees of the their respective Louisville Metro Department of Corrections. DN 1, p. 5; ¶5, 9.

The entirety of the Plaintiff's 42 U.S.C. § 1983 complaints against Defendant Bolton, have been dismissed by this Court.  The only action remaining against Defendant Bolton are the Kentucky state actions contained in Count II which states "By virtue of the foregoing, Defendants were ***negligent and grossly negligent***, (emphasis added) and the medical professionals responsible for Mr. Cross failed to satisfy the applicable standard of care", and Count III is a state law wrongful death claim.  In either of these Count's there is no legal basis upon which to form a basis of liability on Director Bolton.

Director Bolton is not responsible for individual supervision of Corrections Officers. (Affidavit of Director Bolton Ex. 1).  There are supervisory Correction Officers that are responsible for the actions of the individual Correction Officers.  The actions of Director Bolton in formulating policies for the LMDC are discretionary and he is entitled to immunity.  In addition there is no basis for any claim of respondeat superior against Director Bolton, thus the Plaintiff's claims of negligence and gross negligence fail as a matter of law.

## <u>MOTION FOR SUMMARY JUDGMENT: STANDARD OF REVIEW</u>

Summary judgment is appropriate where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Anderson*

*v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986).  The issue is whether the evidence submitted presents a sufficient disagreement about the material facts so that submission to a jury is necessary, or whether the evidence is so one-sided that a party must prevail as a matter of law.  *Anderson,* 477 U.S. at 251-252.  For a fact to be material, it must affect the outcome of the suit; "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.  The moving party has the initial burden of showing that there is an absence of a genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The non-moving party, Plaintiff here, must proffer evidence that points to disputes of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  Plaintiff "may not rest upon mere allegations or denial of his pleadings, but…must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

## ARGUMENT

There is neither claim nor evidence of direct action by Bolton in the causation of the Plaintiff's alleged injuries.  "Public officials are responsible only for their own misfeasance and negligence and are not responsible for the negligence of those who are employed by them.  In order to have negligence or fault attributed to a public official, there must be proof of personal wrongdoing." *Franklin County, Ky. v. Malone*, 957 S.W.2d 195, 199-200 (Ky. 1997) (overruled on other grounds) citing to *Moores v. Fayette County,* 418 S.W.2d 412 (Ky. 1967.)  There is no evidence of personal wrongdoing by Bolton.  An allegation that Bolton is responsible for the conduct of LMDC officers does not state a claim under Kentucky law.

The claims against Director Bolton are asserted against him in his individual capacity. The doctrine of qualified immunity prohibits these claims. Qualified immunity is immunity from tort liability afforded to public officers and employees for acts performed in the exercise of their discretionary functions. *Yanero v. Davis, 65 S.W.3d 510 (Ky. 2003)*. Its purpose is to afford protection from Liability for good-faith judgment-calls made in a legally uncertain environment. Id. Thus, state actors are entitled to qualified immunity unless their conduct violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,457 U.S. 800, 818 (1982)*. Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs, 475 U.S. 335, 341 (1986)*. If "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted," then qualified immunity is inapplicable. *Saucier v. Katz, 533 U.S. 194, 202 (2001)*. However, if "officers of reasonable competence could disagree on th[e] issue, immunity should be recognized." *Malley, 475 U.S. at 341*. In short, qualified immunity applies to the negligent performance by a public officer or employee of (1) discretionary acts or functions, i.e., those involving the exercise of discretion and judgment, or personal deliberation, decision, and judgment, (2) in good faith; and (3) within the scope of the employee's authority. *Yanero, 65 S.W.3d at 522*. As a matter of law, the Plaintiff cannot establish that Director Bolton's hiring, retention and supervision of the Corrections Officers was not discretionary. *Yanero, 65 S.W.3d at 528*. Retention and supervision has been recognized time and again in Kentucky as a discretionary function. In *Haney v. Monsky, 311 S.W.3d 235 (Ky. 2010)*, the court said:

> [W]e have found that supervising the conduct of others is a duty often left to a large degree—and necessarily so—to the independent discretion and judgment of the individual supervisor. In Sloas, we held that a deputy jailer's act of supervising inmates engaged in a voluntary work program was 'as discretionary a task as one could envision'....

Id. at 244, quoting *Rowan County v. Sloas, 201 S.W.3d 469, 480 (Ky. 2006)*.   There has been neither allegation nor proof of bad faith. Finally, Plaintiff does not contend that Director Bolton was acting outside the scope of his authority.   All three prongs of the qualified immunity test are satisfied. Director Bolton is therefore entitled to qualified official immunity as a matter of law,

The court can take notice of the fact that Bolton is director of a large metropolitan correctional facility. He is responsible for the adoption of policy (unquestionably discretionary), whereas because of the size of the facility, there are many intervening levels of supervision, training and discipline between Bolton and the shift-working corrections officer. There is no evidence of personal wrongdoing by Bolton. An allegation that Bolton is responsible for the conduct of LMDC officers does not state a claim under Kentucky law.

Wherefore, Director Bolton should be granted summary judgment and dismissed as a party to this action.

> Respectfully submitted,
>
> MICHAEL J. O'CONNELL
> JEFFERSON COUNTY ATTORNEY
>
> */s/ J. Denis Ogburn*
> J. Denis Ogburn
> Assistant Jefferson County Attorney
> 531 Court Place, Suite 900
> Fiscal Court Bldg.
> Louisville, KY  40202
> (502) 574-3225
> denis.ogburn@louisvilleky.gov
> *Counsel for Mark E. Bolton,*

# **CERTIFICATE**

I hereby certify that on January 27, 2017, electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will automatically send copies to:

Gregory A. Belzley                              Paul Brizendine
Belzley Bathurst Attorneys                      Water Tower Square
P.O. Box 278                                    300 Missouri Avenue, Suite 200
Prospect, KY  40059                             Jeffersonville, IN  47130

Sean Ragland
Matthew Piekarski
PHILLIPS PARKER ORBERSON &
ARNETT, PLLC
716 W. Main St.
Louisville, KY 40202


                                    s/*J. Denis Ogburn*
                                    J. Denis Ogburn