IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

*Electronically Filed*

| | | |
|---|---|---|
| DANIELLA BLAINE, Adminstratrix | ) | |
| of the estate of KENNETH H. CROSS, II, | ) | |
| Deceased | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-427-DJH-DW |
| | ) | |
| CORIZON, INC., ET AL. | ) | |
| | ) | |
| Defendants. | ) | |

_____

## DEFENDANTS' REPLY IN SUPPORT OF ITS
## MOTION FOR PARTIAL SUMMARY JUDGMENT
## AS TO PLAINTIFF'S DELIBERATE INDIFFERENCE CLAIMS

_____

The majority of Plaintiff's Response to Defendants' Motion for Partial Summary Judgment on Plaintiff's deliberate indifference § 1983 claims outlines the ways in which Plaintiff believes the Defendants violated nursing and corporate standards of care; however, these arguments are not relevant to the merits of her § 1983 claims or responsive to Defendants' Motion. Where her Response does touch upon the merits of her § 1983 claims, Plaintiff focuses on what the Defendants allegedly knew or strongly suspected (the first prong of demonstrating deliberate indifference), but she does not refute the fact that the Defendants responded to what they perceived to be Mr. Cross's medical needs (the second prong). The Defendant nurses' beliefs about Mr. Cross's needs and their responses to those needs were reasonable and appropriate, but again, whether they were or not is not relevant to a § 1983 claim. Instead, the inquiry is whether the Defendants subjectively perceived a substantial risk of serious harm and

then disregarded that risk with a sufficiently culpable state of mind. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Plaintiff cannot establish the latter prong because the facts simply do not support it. Therefore, summary judgment on Plaintiff's § 1983 claims is appropriate at this time.

## I.  Argument

### A.  Plaintiff conflates her negligence claims with her § 1983 claims.

Plaintiff states that by filing a motion for partial summary judgment on the deliberate indifference claim, the Defendants have "implicitly conceded that there exist at least genuine issues of material fact as to Plaintiff's claims of negligence and gross negligence, as well as causation."[1] She then argues that the Defendants' Motion for Summary Judgment on her § 1983 should fail simply because Defendants have not yet sought judgment on the negligence claims as well.[2]

This is simply incorrect. As a procedural matter, while grounds for motions to dismiss must be consolidated in a single motion under CR 12.07 or the omitted defenses are waived, CR 56 contains no such requirement. As a substantive matter, Plaintiff's attempts to conflate her negligence claims with her deliberate indifference claims have no logical or legal basis. Though one would not be able to tell from Plaintiff's Response, the standard for demonstrating a §1983 claim is markedly different in both substance and degree than the standard for demonstrating a negligence claim, or even a gross negligence claim. Section 1983 is not, as Plaintiff suggests, a codification of a common law gross negligence action. *See Jones v. Muskegon Cty.*, 625 F.3d 935, 947 (6th Cir. 2010) ("The Sixth Circuit [has] determined that the standard for deliberate indifference and the standard for gross negligence are different.") Liability under § 1983

---

[1] Plaintiff's Response to Defendant's Motion for Partial Summary Judgment, p. 13.
[2] *Id.* ("[B]ecause Plaintiff's claim of gross negligence goes unchallenged, her claim of deliberate indifference should survive as well.").

requires, as the Defendants stated in their original Motion, conduct "akin to criminal recklessness." *Id.* **Plaintiff's statement that "an act of gross negligence subsumes one of deliberate indifference"[3] is not just unsupported by legal authority; it is directly contrary to the relevant legal authority.** In fact, the Sixth Circuit has held, multiple times, that the standard for demonstrating deliberate indifference "is a very high standard of culpability, *exceeding gross negligence*." *Id.* (quoting *Ross v. Duggan*, 402 F.3d 575, 590 n. 7 (6th Cir.2004)). The fact that Defendants have not yet sought dismissal of the negligence claims against them is thus completely irrelevant to this Motion.

### B. Defendants' states of mind during the conduct at issue in this case are irrelevant because their actions are not in dispute.

Again, a deliberate indifference claim requires actual knowledge of a substantial risk of serious harm *and* a disregard for that risk. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (holding that "an official's failure to alleviate a significant risk that he should have perceived but did not" cannot form the basis of a claim under the Eighth Amendment). Therefore, if the evidence demonstrates that the Defendants did not disregard the risk that they perceived, Plaintiff's deliberate indifference claim fails, so whether Defendants perceived the *correct* risk is moot. The Sixth Circuit explained this principle in *Bertl v. City of Westland*, No. 07-2547, 2009 WL 247907, at *5 (6th Cir. Feb. 2, 2009) (attached as Exhibit 1):

> **"Negligence in diagnosing a medical condition" does not constitute unconstitutional deliberate indifference.** *Sanderfer v. Nichols,* **62 F.3d 151, 154 (6th Cir.1995). Similarly, a prison doctor who provides careless or ineffective treatment merely displays incompetence, not unconstitutional deliberate indifference.** *Comstock,* **273 F.3d at 703. If a prison official knew of a risk to inmate health or safety, and reasonably responded to the risk, that official is free from liability, even if he failed ultimately to prevent harm.** *Farmer,* **511 U.S. at 844.**

---

[3] Plaintiff's Response to Defendant's Motion for Partial Summary Judgment, p. 13.

The Defendants here do not concede that their conduct constituted negligence, carelessness, or incompetence, but even if it did, the Sixth Circuit has repeatedly held that that is insufficient to make out a claim for deliberate indifference.

Plaintiff's Response mentions multiple times that an issue of fact remains regarding her § 1983 claim because, as she states, whether the Defendants perceived a risk of serious harm is an issue for trial. The authority she cites for that proposition, *Clark-Murphy v. Foreback*, 439 F.3d 280 (6th Cir. 2006), is easily distinguishable. In *Foreback*, an inmate with severe psychiatric needs died of dehydration after six days with no medical or psychiatric treatment and no water despite a 90-degree heat wave. The inmate had been calling for water for days but received none, and prison staff knew that he had been drinking from his toilet bowl for water. He had been placed in an observation cell during that time, but evidence showed that the windows to the observation cells were so filthy, it was impossible to actually observe the inmates in them.

Under those lamentable facts, the disregard for the decedent's medical needs was clear; the Court was focused on whether the officials appreciated the risk of serious harm. Here, however, Plaintiff cannot prove a disregard for Mr. Cross's serious medical needs because they were not disregarded at all. Again, Mr. Cross was thoroughly assessed, his vital signs taken, he was placed in a mental health observation room, on a bottom bunk, and placed on four-hour checks. These facts alone preclude a finding of deliberate indifference. Therefore, the fact that the Defendants did not appreciate that Mr. Cross had overdosed before his intake is immaterial. As the Sixth Circuit stated in *Bertl*, misdiagnosing a medical condition "does not constitute unconstitutional deliberate indifference."

**C.** ***Watkins*** **and** ***Farmer*** **govern this issue and require that Plaintiff's § 1983 claims against the Defendant be dismissed.**

Plaintiff cites to *Watkins v. City of Battle Creek,* 273 F.3d 682 (6th Cir. 2001) on page 13 of her Response, then attempts to distinguish *Watkins* from the case at bar on page 16. The distinguishing factor in Plaintiff's estimation is that *Watkins* involved treatment of inmates by police and prison guards rather than medical personnel. The attempt at differentiating *Watkins* on this ground is especially confusing because she cites *extensively* from *Farmer*, *supra*, which also involved no claims against medical personnel. In fact, both *Farmer* and *Watkins* govern this case, because § 1983 applies equally to both prison guards and to medical personnel.

Deliberate indifference to an inmate's medical needs has been a cause of action since at least 1976 (*see Estelle v. Gamble*, 429 U.S. 97 (1976)), but *Farmer* established the legal standard for determining whether certain conduct amounts to deliberate indifference. In *Farmer*, "a preoperative transsexual who projects feminine characteristics" was placed in the general male population at a facility with a "violent environment and history of inmate assaults." *Farmer*, 511 U.S. at 830-1. Within two weeks, the petitioner was beaten and raped. He claimed that prison officials should have known that he would be particularly vulnerable to assault at the facility and that their conduct in transferring him to it amounted to deliberately indifferent failure to protect his safety. The Supreme Court of the United States held that deliberate indifference requires that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. The Court went on, "But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot … be condemned as the infliction of punishment" and therefore cannot be in violation of Eighth Amendment.

Plaintiff cites to a footnote in *Farmer* warning that the subjective analysis does not protect officials when they refuse to verify facts they "strongly suspected to be true or declined to confirm inferences of risk that [they] strongly suspected to exist." *Id.* at 843, fn. 8. The Court then provides two examples, one of which involves medical care: "when a prison official knows that some diseases are communicable and that a single needle is being used to administer flu shots to prisoners but refuses to listen to a subordinate who he strongly suspects will attempt to explain the associated risk of transmitting disease." *Id.* The Defendants' alleged conduct in the case at bar pales in comparison. Here, whatever deficiencies Plaintiff claims exist in the charting or the testimony, the evidence clearly shows that the Defendants had no actual knowledge that Mr. Cross had just ingested drugs *and* that they acted appropriately in response to Mr. Cross's presentation upon intake. Nurse Kohl's charting and testimony shows that she thought he was drunk, as many inmates are upon intake, that she placed him in an observation cell, and that the Defendants responded immediately upon learning that Mr. Cross's condition had deteriorated.

*Watkins* is more similar to the case at bar and is fully briefed in the Defendants' Motion for Partial Summary Judgment. Again, Plaintiff's only argument that *Watkins* does not govern this case is that the defendants were not medical personnel. However, the defendants in *Farmer* were also not medical personnel, and the Sixth Circuit has, multiple times, applied *Farmer*'s analysis – which the Sixth Circuit relied upon heavily in *Watkins* – equally to medical personnel as it does to wardens and other security personnel. *See, e.g., Robbins v. Black*, 351 F. App'x 58, 60 (6th Cir. 2009); *Harrison v. Ash*, 539 F.3d 510, 516 (6th Cir. 2008). In short, *Farmer* and *Watkins* are both dispositive on the issue of deliberate indifference, and they dictate that partial summary judgment be granted for the Defendants.

Plaintiff hopes to direct the Court's attention away from *Farmer* and *Watkins* and turn it toward a case so distinguishable that its conclusion is hardly instructive. In *Comstock v. McCrary*, 273 F.3d 693 (6th Cir. 2001), a psychologist evaluated the inmate and determined he was at risk for suicide, so he placed him on suicide watch in an observation cell. Less than 24 hours later, with no intervening circumstances, the psychologist removed him from suicide watch and back into the general population, and the inmate committed suicide within hours. The Sixth Circuit held that a factfinder could have found that the psychologist had subjective knowledge that the prisoner might commit suicide because the record showed that he performed a cursory evaluation of the inmate and then released him from observation despite having believed the inmate to be at risk for suicide less than 24 hours earlier.  The psychologist had also testified that he knew inmates sometimes lie in psychological evaluations so that they can be removed from observation and commit suicide.

Here, there was no prior evaluation that evidenced any concern and no decision reversing course from a previous medical decision. As in *Watkins*, Mr. Cross repeatedly denied ingesting drugs and provided plausible explanations for his symptoms. Failure to provide an antidote for drugs the Defendants were unaware Mr. Cross had ingested "is insufficient to establish a question of fact on the issue of deliberate indifference." *Watkins*, 273 F.3d at 686.

## II. Conclusion

The record contains no evidence that any of the Defendants had subjective knowledge that Mr. Cross was at substantial risk of serious harm and no evidence that the Defendants disregarded the risks they did perceive. Therefore, Defendants, Corizon, Inc., Nurse Kohl, and Nurse Sloan, respectfully request that this Court grant their motion for partial summary

judgment, dismissing the claims against them for constitutional right deprivations under 42 U.S.C. § 1983.

Respectfully Submitted,

 /s/ Sean Ragland
Sean Ragland
Matthew Piekarski
PHILLIPS PARKER ORBERSON & ARNETT, PLLC
716 W. Main Street, Suite 300
Louisville, Kentucky 40202
(502) 583-9900
sragland@ppoalaw.com
mpiekarski@ppoalaw.com
*Counsel for Defendants Corizon, Inc., Stephanie Kohl,
Ada Daugherty, and T.J. Sloan*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on the 28th day of February, 2017:

Gregory A. Belzley
Belzley Bathurst, Attorneys
P.O. Box 278
Prospect, Kentucky 40059

Paul Brizendine
Water Tower Square
300 Missouri Ave., Suite 200
Jeffersonville, IN 47130

Denis Ogburn
Assistant Jefferson County Attorney
531 Court Place
Suite 900 Fiscal Court Bldg.
Louisville, KY  40202

 /s/ Sean Ragland
Sean Ragland

8