UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
NO. 3:13-CV-00427-S

DANIELLA BLAINE, Administratrix
ESTATE OF KENNETH H.CROSS, II                                            PLAINTIFF

v.         REPLY MEMORANDUM IN SUPPORT OF
           MOTION FOR SUMMARY JUDGMENT
                  (electronically filed)

MARK E. BOLTON, *et al*                                                  DEFENDANTS

\*\* \*\* \*\* \*\*

**STATEMENT OF THE CASE**

Contrary to the Plaintiff's argument, the Louisville Metro Department of Corrections personnel were required to check on prisoners in the medical observation area every 20 minutes. The procedures were followed by placing the decedent in the medical observation area. The decedent had denied ingesting any substance other than alcohol. The Plaintiff other than general statements has produced no evidence that the Defendant did not have policies in place for observing patients placed in medical observation. The Plaintiff simply makes unsupported statements that this policy was insufficient. The Plaintiff has not produced any testimony that the jail policies and training were insufficient. More importantly, the Defendant is entitled to immunity in his official capacity and entitled to qualified immunity in his individual capacity. The Plaintiff simply makes bare assertions that the training was inappropriate or improper. There is no genuine issue of material fact that the actions of Mark Bolton in regards to policy and training were performed within the scope of his discretionary authority.

## **ARGUMENT**

The Plaintiff filed a state law claim against Mark Bolton by simply stating "by virtue of the foregoing, Defendants were ***negligent and grossly negligent***, (emphasis added) and the medical professionals responsible for Mr. Cross failed to satisfy the applicable standard of care", and Count III is a state law wrongful death claim. The Plaintiff has not asserted any claim of negligent training or an allegation that training guidelines were insufficient. The Plaintiff has not produced any evidence in the way of expert opinion to assert that the training policies and guidelines were insufficient. Regardless, training as held in *Rowan County v. Sloas*, 201 S.W.3d. 469, 480 (Ky. 2006) training was a discretionary function.

The Plaintiff's reliance upon *Hedgepath v. Pelphrey, 520 Fed. Appx. 385 (6th Cir. 2013* as determinative of the issues in this case is misplaced. The Defendant Bolton is not a direct supervisor of Officer Lamkin who checked on the Plaintiff. In *Hedgepath*, the suit was brought against nine employees who were allegedly responsible for the Plaintiff's care. Three of the employees were supervisors, an administrator, Chief of Security and a Captain who were classified as the "Supervisory Jailers". These were direct supervisors of the Deputy Jailers involved in the care of the Plaintiff. Defendant Bolton, is the Director of the jail and does not fall under any of these categories. The Plaintiff failed to name the Officers involved with the Plaintiff's treatment and their Supervisors. *Hedgepath* stated that the Supervisory Jailers were not entitled to immunity because they had a ministerial duty to enforce existing jail policies. The claims in *Hedgepath* were based on claims against direct supervisors of the deputy jailers. The Jailer for Three Forks Regional jail was not named as a Defendant in the *Hedgepath* case. Defendant Bolton's responsibilities are for setting the policies and he is not directly involved in the training or supervision of the supervisors and

officers of the jail. His chief of staff is responsible for supervising the supervisors of the officers. The *Hedgepath* court noted "As to training, although deciding on the content of policies and training is a discretionary function, the training of employees to adhere to their duties once that content is decided is a ministerial function. Id. 391 Citing Yanero, 65 S.W.3d at 529". Defendant Bolton is responsible for the content of the policies and training. He is not responsible for the training of employees to adhere to their duties that duty falls upon unnamed supervisors. There is no basis to the Plaintiff's allegation that the "Administrator" in *Hedgepath* "is just like Bolton". There does not appear to be any argument in *Hedgepath*, that the persons named as Supervisory Jailers actually supervised the deputy jailers. In addition, Plaintiff has not shown that the deputy jailers involved in this case failed to follow the policy for observing persons in the medical observation ward. Plaintiff has not referred to a single policy violation other than that decedent died. *Hedgepath* is also factually distinguishable in that there is no evidence that the jail facility had a medical facility. The decedent was in direct observation by the medical nurses hired to treat and assess detox patients.

    *Finn v. Warren County, 768 F.3d 441 (6th Cir. 2014)* is also distinguishable, since there is no issue in that case that the Jailer trained the deputy jailers on the EMS policy. Director Bolton does not perform the training nor does he directly oversee the training. There are supervisory officers who are responsible for the training. In *Finn*, involved expert testimony regarding failure to train, the Plaintiff makes bare assertions that the deputy jailers were improperly trained, but has elicited no proof on the jail policies other than counsel's arguments. The Plaintiff cannot impute negligence to Defendant Bolton when he does not perform the duties of the Supervisory Jailers as discussed in *Hedgespath* and *Finn*.

Director Bolton is entitled to immunity in his official capacity *Schwindel v. Meade County, 113 S.W. 3d 159 (Ky. 2003)* and is entitled to qualified immunity in his individual capacity *Yanero v. Davis, 65 S.W.3d 510 (Ky. 2003).* Director Bolton's duties in establishing the policies and training for the jail are discretionary functions. Director Bolton is far removed from the training and supervision of officers and supervisors. There is an Assistant Director, Chief of Staff and several Department heads before supervisory jailer category is reached. The Officers involved in supervising other Officers are not a party to this litigation. The cases recited by the Plaintiff do not stand for the proposition that every person in the jail hierarchy is subject to liability for failure to train. There is no genuine issue of material fact that Director Bolton was not involved in training officers or involved with making sure they were performing their duties in accordance with their training. There is no proof that Director Bolton was performing any duties other than discretionary functions with regards to the Plaintiff's claims.

Director Bolton is entitled to qualified immunity and protection for good-faith judgment-calls in deciding the policy and training programs for Louisville Metro Department of Correction. Director Bolton's was performing discretionary acts or functions, performed them in good faith; and within the scope of the employee's authority. As a matter of law, the Plaintiff cannot establish that Director Bolton's activities were not discretionary since he was not directly supervising the officers nor was he involved in their training. The law does not provide for respondeat superior for a Director for alleged negligence of Supervisory Officers failure to train and supervise other Officers.

Wherefore, Director Bolton should be granted summary judgment and dismissed as a party to this action.

        Respectfully submitted,

        MICHAEL J. O'CONNELL
        JEFFERSON COUNTY ATTORNEY

        <u>/s/ *J. Denis Ogburn*</u>
        J. Denis Ogburn
        Assistant Jefferson County Attorney
        531 Court Place, Suite 900
        Fiscal Court Bldg.
        Louisville, KY  40202
        (502) 574-3225
        denis.ogburn@louisvilleky.gov
        *Counsel for Mark E. Bolton,*

## **CERTIFICATE**

I hereby certify that on March 1, 2017, electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will automatically send copies to:

| | |
|---|---|
| Gregory A. Belzley | Paul Brizendine |
| Belzley Bathurst Attorneys | Water Tower Square |
| P.O. Box 278 | 300 Missouri Avenue, Suite 200 |
| Prospect, KY  40059 | Jeffersonville, IN  47130 |

Sean Ragland
Matthew Piekarski
PHILLIPS PARKER ORBERSON &
ARNETT, PLLC
716 W. Main St.
Louisville, KY 40202

        s/<u>*J. Denis Ogburn*</u>
        J. Denis Ogburn